[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-15265
Non-Argument Calendar
_____

D.C. Docket No. 2:06-cr-14001-KMM-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIE FRANK GRAHAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 10, 2013)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Willie Graham appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce his 188-month sentence of imprisonment, that the district court imposed on July 17, 2006, after he pleaded guilty to conspiring to possess five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 846, and possessing five or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  Holding Graham responsible for 17.43 grams of cocaine base, the district court initially calculated an adjusted offense level of 26 under U.S.S.G. § 2D1.1.  Graham, however, was a career offender who was subject to a maximum term of 40 years' imprisonment under § 841(b)(1)(B)(iii).  Accordingly, he was subject to an offense level of 34 and a total offense level of 31 after the application of a three-offense-level reduction for accepting responsibility.  When combined with a criminal history category of VI, this produced a Sentencing Guidelines range of 188 to 235 months' imprisonment.

Graham now argues that he is eligible for a sentence reduction in light of *Freeman v. United States*, 131 S. Ct. 2685 (2011), notwithstanding his status as a career offender, because his sentence was "based upon" § 2D1.1, which was modified by Amendment 750 to the Guidelines.  He further argues that the Fair Sentencing Act of 2010 (FSA), Pub. L. No. 111–220, 124 Stat. 2372, retroactively applies to him and that by reducing his statutory-maximum penalty to 20 years'

2

imprisonment, the FSA reduces his Guidelines range to 151 to 188 months' imprisonment.

We review de novo the scope of the district court's authority under the Guidelines. *United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). A district court may not reduce a defendant's term of imprisonment that has been imposed unless: (1) the sentence was based upon a sentencing range that the Sentencing Commission subsequently lowered; (2) the district court considers the 18 U.S.C. § 3553(a) factors; and (3) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

When determining whether a reduction is warranted, a court should first determine the Guidelines range that would have applied had the relevant amendment been in effect at the time of the defendant's sentencing. *See* U.S.S.G. § 1B1.10(b)(1); *United States v. Vautier*, 144 F.3d 756, 759–60 (11th Cir. 1998). If the relevant amendment does not have the effect of lowering the defendant's applicable Guidelines range, a sentence reduction is inconsistent with the Guidelines policy statement, and is therefore not authorized by § 3582(c)(2). *See* U.S.S.G. § 1B1.10(a)(2)(B). Section 3582(c)(2) does not authorize a sentence reduction where a relevant Guidelines amendment reduces a defendant's base offense level, but, through the operation of another guideline, does not alter the sentencing range upon which his sentence was based. *See* U.S.S.G. § 1B1.10, cmt.

n.1 (A)(ii); *Moore*, 541 F.3d at 1330. Thus, defendants who are sentenced as career offenders are ineligible for sentence reductions under § 3582(c)(2). *See Moore*, 541 F.3d at 1327. *Moore* remains binding law despite *Freeman*, regardless of whether *Freeman*'s plurality or concurring opinion contained the holding. *See United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir.) (per curiam), *cert. denied*, 133 S. Ct. 568 (2012).

We addressed the FSA's applicability in the context of § 3582(c)(2) proceedings in *United States v. Berry*, 701 F.3d 374 (11th Cir. 2012) (per curiam). There, we rejected Berry's argument that he was eligible for a sentence reduction under the FSA because the FSA was not a Guidelines amendment promulgated by the Sentencing Commission, but a statutory amendment by Congress. *See id.* at 377. Moreover, even assuming that an FSA claim is properly raised in a § 3582(c)(2) proceeding, we concluded that Berry's claim failed because the FSA did not retroactively apply to defendants who, like Berry, were sentenced prior to its enactment. *See id.* at 377–78.

The district court was not authorized to reduce Graham's sentence because he was sentenced as a career offender. Likewise, the FSA does not authorize a sentence reduction under § 3582(c)(2), and, in any case, it does not retroactively apply to defendants who, like Graham, were sentenced prior to its enactment. Accordingly, we affirm.

**AFFIRMED.**